1 Mark F. Anderson (SBN 44787)
2 Anderson, Ogilvie & Brewer LLP
1736 Stockton Street, Ground Floor
3 San Francisco, CA 94133
Ph: (415) 651-1951
4 Fax: (415) 500-8300
mark@aoblawyers.com
5
6 Attorneys for Plaintiffs Pablo Rosales Navarro & Cathie M. Black-Rosales

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| Pablo Rosales Navarro & | ) | Case No. |
| Cathie M. Black Rosales, | ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | VIOLATIONS OF THE FAIR |
| | ) | CREDIT REPORTING ACT |
| | ) | |
| Experian Information Solutions, Inc., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**Preliminary Statement**

1. This is an action for damages brought by plaintiffs Pablo Rosales Navarro and Cathie

M. Black-Rosales, husband and wife, against defendants Experian Information Solutions, Inc.;

Trans Union LLC, and Equifax Information Services, LLC for violation of the Fair Credit

Reporting Act ("FCRA").

**The Parties**

2. Plaintiffs reside in Sonoma County, California.

3. Defendant Experian Information Solutions, Inc. is an Ohio corporation that regularly

conducts business in this district and is a national credit reporting agency the activities of which are

subject to the terms of the FCRA.

**Jurisdiction & Venue**

4.    The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p. The defendants do business in this district.

5.    Plaintiffs are residents of this district.

**Description of the Case**

6.    Beginning in May 2009, plaintiff Pablo Rosales Navvaro discovered that his credit files were mixed with a person named Pablo F. Rosales, who is no relation to plaintiff, and who has lived in Arizona continuously since at least 1990. Plaintiff has lived continuously in Sonoma County with this wife plaintiff Cathie M. Black-Rosales since 1990.

7.    In May 2009 plaintiffs sent a dispute letter with an identity theft police report to Experian disputing about 24 credit accounts and personal identifying information that belonged to the other Pablo Rosales. In response, Experian deleted the accounts and information that belonged to plaintiff.

8.    In May 1990, at plaintiff Pablo Rosales Navarro's request, Experian added a fraud alert and security freeze on his credit report. The alert and security freeze have remained in place to date.

9.    The other Pablo Rosales stole plaintiff Pablo Rosales Navarro's identity by unknown means. The other Pablo Rosales has used this information from time to time to obtain credit accounts and medical services. He failed to pay various creditors what was due. From time to time, his creditors and their debt collectors reported the delinquent accounts on plaintiff's Experian credit reports.

10.    As a result, from time to time, plaintiffs have received threatening calls from debt collectors seeking payment. From time to time, plaintiffs have sent dispute letters to Experian complaining about these events.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.     On or about February 2, 2017, plaintiff Cathie Rosales noticed that her husband's Experian report included an account from the Bureau of Medical Economics in Phoenix, AZ that did not belong to her husband. On the same day, plaintiff Cathie Rosales sent a letter to Experian in which she informed Experian that her husband's credit files are still mixed with the other Pablo Rosales. She explained her husband could not download his Experian credit reports using his own personal identifying information to answer security questions. He could not do so because Experian had mixed his credit files with the other Pablo Rosales.

12.     The only way plaintiff Pablo Rosales Navarro could download his Experian reports was to use the name of the other Pablo Rosale's wife as a possible contact person.

13.     Experian responded to plaintiffs' February 2, 2017, letter asking for more information. On March 9, 2017, plaintiffs responded with a letter in which they explained that a man named Pablo Rosales who lives in Phoenix was using plaintiff Pablo Rosales Navarro's personal identifying information to get credit. Plaintiffs informed Experian that due to the mixing of files, they had not been able to refinance their home loan.

14.     On April 17, 2017, plaintiff Cathie R. Rosales called Experian and spoke to an Experian employee named Kevin. Plaintiff Cathie R. Rosales told Kevin the medical collections account and an address in Mesa, Arizona on her husband's credit report did not belong to him. Kevin's response was to ask for a verification of her husband's address and identity. Plaintiff Cathie Rosales informed Kevin she had recently sent documentation to Experian and that a police report regarding identity theft had been on file for many years. Kevin, who could not connect the obvious dots, insisted Experian needed yet more information.

15.     On April 17, 2017, Experian sent plaintiffs a response to plaintiff's request that information in his credit report be blocked due to identity theft. Experian said it had determined that the request to block was either made in error or plaintiff's request to "block information was

1  based on a material misrepresentation." Experian's response was a product of negligence there

2  being no indication plaintiff's request was made in error or based on misrepresentation.

3
   16.     Plaintiffs' counsel obtained a background report on the other Pablo Rosales. It
4
5  indicates he has five judgments against him, various bad debts, and arrests for criminal assault.

6      17.     Defendant Experian willfully, intentionally, recklessly and negligently repeatedly

7  failed to follow procedures that would correct the inaccurate, misleading and incomplete credit

8  information.

9      18.     Plaintiffs have suffered actual damages in the form of (a) lost credit opportunities

10 (inability to refinance their home loan, two other loans, and an auto loan), b) harm to credit reputation

11 and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation,
12
13 embarrassment, anxiety and frustration. Plaintiffs will continue to suffer the same for an indefinite

14 time in the future, all to plaintiffs' great detriment and loss.

15     19.     Potential credit grantors who were considering extending credit to plaintiffs sought

16 and obtained plaintiff Pablo Rosales Navarro's credit reports from Experian.

17     20.     During the two years preceding the filing of the complaint in this action, various credit
18
   grantors obtained plaintiff's Experian credit reports.
19
20     21.     Each time Experian sold a copy of plaintiff Pablo Rosales Navarro's credit report to a

21 potential credit grantor, plaintiffs were damaged. Each such sale was a separate publication of

22 inaccurate and misleading reports.

23     22.     Credit scores are used by credit grantors to decide whether to extend credit. The credit

24 scores are primarily based on the contents of the consumer's credit reports published by Experian.

25 Plaintiff's credit scores were adversely affected by Experian's inaccurate credit reporting

26 **First Claim: Violations of the Fair Credit Reporting Act—Against Experian---15 USC § 1681e**
27 **(b).**

28     23.     Plaintiffs incorporate by reference ¶¶ 1 through 22.

1

2

24. Experian has long been on notice of the danger of mixing one person's files with another person's files. Experian has been sued numerous times over this failing.

3

4

5

6

25. In mixing plaintiff's credit files with those of the other Pablo Rosales, Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's s credit reports, information and files in violation of 15 USC § 1681e(b).

7

8

26. Because of the above-described violations of § 1681e(b), plaintiffs have sustained damages.

9

10

27. Experian's violations of the FCRA were willful and therefore plaintiffs are therefore entitled to also seek statutory and punitive damages.

11

12

**Second Claim: Violations of the Fair Credit Reporting Act—Against Experian---15 USC § 1681i**

13

28. Plaintiffs incorporate by reference ¶¶ 1 through 27.

14

15

16

17

18

19

20

29. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

21

22

23

24

30. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

25

26

31. Within the two years preceding the filing of this complaint, plaintiffs notified Experian of inaccuracies contained in its reports and asked it to correct the inaccuracies.

27

28

32. Experian failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

33.   Experian failed to review and consider all relevant information submitted by plaintiffs.

34.   Experian failed to maintain reasonable procedures designed to prevent the reappearance of information that has been deleted in violation of § 1881i(a)(5)(C).

35.    Because of the above-described violations of § 1681i, plaintiffs sustained damages.

36.    Experian's violations of the FCRA were willful and therefore plaintiffs are therefore entitled to also seek statutory and punitive damages.

**Third Claim: Violations of the Fair Credit Reporting Act—Against Experian—15 USC § 1681g**

37.   Plaintiffs incorporate by reference ¶¶ 1-36.

38.   Section 1681g of the FCRA provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer, all information in the consumer's file at the time of request, with exceptions not applicable to this case.

39.   Experian violated 15 U.S.C. § 1681g in failing to provide plaintiff his credit reports in response to his requests,

40.   Plaintiff was damaged because of Experian's refusal to provide him and his potential creditors credit reports. Plaintiff could not dispute the inaccuracies in the reports without having the reports.

**Fourth Claim: Violations of the Fair Credit Reporting Act—Against Experian—15 USC § 1681c-2**

41. Plaintiffs incorporate by reference ¶¶ 1-40.

42.   Experian violated 15 U.S.C. § 1681c-2 requires credit reporting agencies to block credit information that appears in a consumer report due to identity theft.

43.    Plaintiffs were damaged due to Experian's refusal to block the accounts that do not belong to plaintiff Pablo Rosales Navarro's credit reports.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

1. Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: May 31, 2017.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

Dated: May 31, 2017.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson